UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FLORENCE M. MONROE,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 2:15-cv-01584-JLR-KLS

REPORT AND RECOMMENDATION

Noted for April 15, 2016

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge.[1] For the reasons set forth below, the undersigned recommends that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance and SSI benefits, alleging in both applications that she became disabled beginning April 15, 2005, due to spondylosis, cervical spine fusion, low back pain, high blood pressure, high cholesterol, diabetes, asthma, a thyroid condition, and left side weakness.[2] Both applications were denied on initial administrative review and on reconsideration.[3] At a hearing held before an Administrative Law Judge (ALJ) plaintiff

---

[1] *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4).
[2] Dkt. 14, Administrative Record (AR), 23, 114.
[3] AR 23.

REPORT AND RECOMMENDATION - 1

appeared and testified, as did a vocational expert.[4]

In a written decision the ALJ determined plaintiff to be capable of performing her past relevant work and therefore not disabled.[5] The Appeals Council denied plaintiff's request for review of the ALJ's decision, making it the final decision of the Commissioner. [6] On October 8, 2015, plaintiff appealed that decision to this Court.[7] The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the ALJ's decision should be reversed and remanded for an award of benefits because the ALJ erred:

(1)   in failing to give valid reasons for rejecting the medical opinion evidence concerning plaintiff's left arm limitations;

(2)   in failing to consider all "severe" impairments at step two of the Commissioner's five-step sequential disability evaluation process;[8]

(3)   in assessing plaintiff's residual functional capacity (RFC);

(4)   in finding plaintiff capable of performing her past relevant work; and

(5)   in not finding plaintiff incapable of performing other jobs at step five of the sequential disability process.

The undersigned agrees that the ALJ did not give valid reasons for rejecting the medical opinion evidence concerning plaintiff's left upper extremity limitations, and therefore that the ALJ erred in assessing plaintiff's RFC and in finding her capable of performing her past relevant work. However, while the decision to deny benefits should be reversed on this basis, the undersigned recommends that this matter be remanded for further administrative proceedings.

---

[4] AR 38-71.

[5] AR 23-31.

[6] AR 1; 20 C.F.R. § 404.981, § 416.1481.

[7] Dkt. 3.

[8] 20 C.F.R. § 404.1520, § 416.920.

REPORT AND RECOMMENDATION - 2

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination.[9] "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision."[10] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11] The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record."[12]

Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required."[13] "If the evidence admits of more than one rational interpretation," that decision must be upheld.[14] That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made."[15]

I.   The ALJ Erred in Rejecting the Medical Opinion Evidence Concerning Plaintiff's Left Upper Extremity Limitations

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.[16] Where the evidence is inconclusive, "questions of credibility

---

[9] *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991).

[10] *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)).

[11] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

[12] *Batson*, 359 F.3d at 1193.

[13] *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).

[14] *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

[15] *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

[16] *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

REPORT AND RECOMMENDATION - 3

and resolution of conflicts are functions solely of the [ALJ]."[17] In such situations, "the ALJ's conclusion must be upheld."[18] Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility."[19]

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons."[20] The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."[21] The ALJ also may draw inferences "logically flowing from the evidence."[22] Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion."[23]

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician.[24] Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."[25] However, the ALJ "need not discuss *all* evidence presented" to him or her.[26] The ALJ must only explain why "significant

---

[17] *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

[18] *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

[19] *Id.* at 603.

[20] *Reddick*, 157 F.3d at 725.

[21] *Id.*

[22] *Sample*, 694 F.2d at 642.

[23] *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

[24] *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

[25] *Id.* at 830-31.

[26] *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).

REPORT AND RECOMMENDATION - 4

1   probative evidence has been rejected."[27]

2          In general, more weight is given to a treating physician's opinion than to the opinions of

3   those who do not treat the claimant.[28] On the other hand, an ALJ need not accept the opinion of a

4   treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical

5   findings" or "by the record as a whole."[29] An examining physician's opinion is "entitled to greater

6   weight than the opinion of a nonexamining physician."[30] A non-examining physician's opinion

7   may constitute substantial evidence if "it is consistent with other independent evidence in the

8   record."[31]

9          Howard Platter, M.D., a non-examining consultative physician, opined that plaintiff was

10  limited to occasional overhead reaching and "in all planes" with her left upper extremity, as well as

11  occasional handling with her left hand.[32] The ALJ stated she gave "weight" to the opinion of Dr.

12  Platter, as it is "generally consistent with the objective evidence that shows [plaintiff] has not

13  developed radiculopathy or atrophy in the upper extremities," and "[h]er shoulder range of motion

14  is within functional limits."[33] However, the ALJ went on to find that based on plaintiff's

15  symptoms, she could "frequently handle and reach with the left, except only overhead reaching

16  occasionally."[34]

17         The undersigned agrees with plaintiff, though, that the ALJ erred in determining that the

18

19

20

21  [27] *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

22  [28] *See Lester*, 81 F.3d at 830.

23  [29] *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

24  [30] *Lester*, 81 F.3d at 830-31.

25  [31] *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

    [32] AR 107.

26  [33] AR 30.

    [34] *Id.*; *see also* AR 28.

REPORT AND RECOMMENDATION - 5

medical evidence did not support the limitation to occasional handling and reaching with the left upper extremity also found by Dr. Platter. As plaintiff notes, Dr. Platter relied on the treatment of Janine Shaw, M.D., one of her treating physicians.[35] Those notes consistently reveal the presence of objective findings–such as 'very limited' range of motion in the spine, left-sided tenderness and discomfort, pain and distress, and left grip weakness–that certainly would seem to be very much supportive of Dr. Platter's occasional handling and reaching limitation.[36] Indeed, on one occasion, Dr. Platter specifically noted 'marked reduction' in neck range of motion, 'limitation in all directions' and 'virtually no extension.'[37] On another occasion, she found plaintiff had 'severely limited' range of motion in both her neck and left shoulder.[38] On yet another occasion, 'significant spasm of the trapezius muscles bilaterally' was found.[39]

Imaging studies that Dr. Shaw relied on as well also contain abnormal findings that could support Dr. Platter's assessed limitations.[40] In addition, Dr. Shaw herself found plaintiff had left upper extremity limitations that correlate with those Dr. Platter found.[41] The ALJ gave 'little weight' to Dr. Shaw's opinions, stating they 'are not supported by the objective evidence and rely heavily on [plaintiff's] subjective complaints.'[42] But as just discussed, Dr. Shaw's treatment notes reveal the existence of supportive evidence, and there is no indication that she relied more

---

[35] AR 102-03.

[36] AR 456, 460, 463, 466, 472, 479, 481, 486, 496-97, 500-01, 504, 508-09, 512, 517, 521, 527, 533, 544, 546, 549, 552.

[37] AR 530.

[38] AR 547.

[39] AR 583.

[40] AR 512, 578, 583.

[41] AR 460, 467, 481, 579.

[42] AR 30.

REPORT AND RECOMMENDATION - 6

heavily on plaintiff's "self-reports than on [her] clinical observations."[43] Further, the ALJ offers no rational basis for relying on her own lay opinion that the lack of demonstrated radiculopathy and atrophy in plaintiff's upper extremities and the presence of intact gait and normal sensation and reflexes, is more reliable than the opinion of Dr. Shaw that the clinical findings she obtained are in line with the functional restrictions she found.[44]

In addition to the supportive evidence from Dr. Shaw, significant limitations in reaching and handling were also found by Tim Pearson, ARNP.[45] The ALJ rejected Mr. Pearson's opinion for the same reasons she rejected Dr. Shaw's.[46] But as with Dr. Shaw, Mr. Pearson obtained objective findings that support his opinion as well. For example, plaintiff had "very significant restrictive movement of her neck" (wincing when turning it), "severely restricted" neck range of motion, diffuse tenderness upon palpation of her neck, and "sharp pains" when turning her neck, particularly "when going left."[47] Decreased range of motion and discomfort in her left shoulder was noted as well.[48] Again, the ALJ fails to explain why the objective evidence she relied on to reject Mr. Pearson's assessed limitations deserves greater weight than the medical expertise of a medical professional such as Mr. Pearson.

II.    The ALJ Erred in Assessing Plaintiff's RFC

If a disability determination "cannot be made on the basis of medical factors alone at step three of the evaluation process," the ALJ must identify the claimant's "functional limitations and

---

[43] *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

[44] AR 30; *Gonzalez Perez v. Sec'y of Health and Human Servs.*, 812 F.2d 747, 749 (1st Cir. 1987); *McBrayer v. Sec'y of Health and Human Servs.*, 712 F.2d 795, 799 (2nd Cir. 1983); *Gober v. Mathews*, 574 F.2d 772, 777 (3rd Cir. 1978).

[45] AR 586.

[46] AR 30.

[47] AR 591; *see also* AR 594.

[48] AR 592.

REPORT AND RECOMMENDATION - 7

restrictions" and assess his or her "remaining capacities for work-related activities."[49] A claimant's
RFC assessment is used at step four of the sequential disability evaluation process to determine
whether he or she can do his or her past relevant work, and at step five to determine whether he
or she can do other work.[50] It thus is what the claimant "can still do despite his or her
limitations."[51]

A claimant's RFC is the maximum amount of work the claimant is able to perform based
on all of the relevant evidence in the record.[52] However, an inability to work must result from the
claimant's "physical or mental impairment(s)."[53] Thus, the ALJ must consider only those
limitations and restrictions "attributable to medically determinable impairments."[54] In assessing a
claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related
functional limitations and restrictions can or cannot reasonably be accepted as consistent with the
medical or other evidence."[55]

The ALJ assessed plaintiff with an RFC that included a limitation to frequent handling
and reaching with the left upper extremity and only occasional overhead reaching.[56] But because
as discussed above the ALJ erred in failing to give valid reasons for not adopting the  limitation
to only occasional reaching and handling with the left upper extremity Dr. Platter found, it is not
at all clear that the ALJ's RFC assessment completely and accurately describes all of plaintiff's

---

[49] Social Security Ruling (SSR) 96-8p, 1996 WL 374184 *2.

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.*

[54] *Id.*

[55] *Id.* at *7.

[56] AR 28.

REPORT AND RECOMMENDATION - 8

functional limitations. As such, it cannot be said that the ALJ's RFC assessment is supported by substantial evidence or free of error.

III.     The ALJ's Step Four Determination

At step four of the sequential disability evaluation process, the ALJ found plaintiff to be capable of performing her past relevant work as a broadcast checker.[57] Plaintiff has the burden at step four of showing that she is unable to return to her past relevant work.[58] She met that burden in this case, given that the ALJ erred in failing to properly reject Dr. Platter's limitation to only occasional reaching and handling with the left upper extremity, while that job requires frequent reaching and handling.[59] In other words, it is not at all clear that plaintiff would able to perform the job of broadcast checker in light of her left upper extremity restrictions. The ALJ thus erred here at step four as well.

IV.     This Matter Should be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits."[60] Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."[61] Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate."[62]

Benefits may be awarded where "the record has been fully developed" and "further

---

[57] AR 30.

[58] *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

[59] Dictionary of Occupational Titles 249.387-010, 1991 WL 672342.

[60] *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

[61] *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

[62] *Id.*

REPORT AND RECOMMENDATION - 9

administrative proceedings would serve no useful purpose."[63] Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.[64]

Because issues remain regarding the medical evidence, plaintiff's RFC and her ability to perform her past relevant work, remand for further consideration of those issues is warranted.

Plaintiff argues that because the ALJ found she was limited to a modified range of light work, and because she is unable to perform any of her past relevant work, she should be found disabled under the Commissioner's Medical-Vocational Guidelines at step five of the sequential disability evaluation process.[65] However, although the ALJ failed to provide valid reasons for not adopting all of Dr. Platter's left upper extremity limitations and accordingly erred in determining plaintiff to be capable of performing the job of broadcast checker, given the conflicting evidence in the record it is far from clear that the ALJ would be required to adopt Dr. Platter's limitations or find for plaintiff at step four on remand. Therefore, remand for resolution of those issues, and if necessary the issue of plaintiff's ability to perform other jobs at step five, is more appropriate.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ improperly concluded plaintiff was not disabled, and that it reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings herein.

---

[63] *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

[64] *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

[65] *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1098-1101.

REPORT AND RECOMMENDATION - 10

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto.[66] Failure to file objections will result in a waiver of those objections for purposes of appeal.[67] Accommodating the above time limit, the Clerk shall set this matter for consideration on **April 15, 2016**, as noted in the caption.

DATED this 28th day of March, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[66] 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b); *see also* Fed. R. Civ. P. 6.

[67] *Thomas v. Arn*, 474 U.S. 140 (1985).

REPORT AND RECOMMENDATION - 11